**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chrysanthe Cupone, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>University of Advancing Computer Technology, Inc. d.b.a. University of Advancing Technology, an Arizona corporation; et al.,<br><br>Defendants. | No. CV 11-0016-PHX-DGC<br><br><br><br>**ORDER** |

Plaintiff's six-count complaint was removed from the Arizona Superior Court for Maricopa County. Doc. 1. Defendant Pistillo moves to dismiss the claims against him (Doc. 7), and the other defendants move to dismiss counts II and IV (Doc. 8). The motions have been fully briefed and the parties do not request oral argument. Docs. 7, 8, 10, 11, 14, 15. For the reasons that follow, the Court will deny both motions.

**I.     Legal Standards.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a

Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

An affirmative defense may not be raised in a Rule 12(b)(6) motion unless the defense appears from the face of the complaint, *see Jones v. Block*, 549 U.S. 199, 215 (2007), or the defense raises no disputed issues of fact, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Where the motion to dismiss involves factual evidence outside the pleadings, a court may discretionarily convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56 and give the parties a reasonable opportunity to present all materials relevant to the motion. *See* Fed. R. Civ. P. 12(d); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

**II.     Defendant Pistillo's Motion to Dismiss.**

Plaintiff and Defendant Pistillo were married at the time Pistillo allegedly engaged in the acts stated in Plaintiff's complaint while an employee of the University of Advancing Computer Technology, Inc. ("UAT"). Doc. 1-1 at 30-31; Doc. 7 at 2-3. Plaintiff filed the present claims subsequent to their divorce. Doc. 1-1 at 26-27; Doc. 7 at 2-3. Pistillo argues that the claims against him are barred by the parties' settlement agreement incident to divorce. Doc. 7 at 2-3. Plaintiff does not argue that this affirmative defense is not cognizable on a Rule 12(b)(6) motion.[1] *See* Doc. 10.

---

[1] Defendant Pistillo argues that the Court may take judicial notice of matters of public record, and that because the divorce decree attached to Defendant's motion to dismiss is a public record and refers to the settlement agreement, the Court may also properly take judicial notice of the settlement agreement. *See* Doc. 7 at 4-5. The court-approved divorce decree expressly states, however, that the settlement agreement is not

The parties do not dispute that the settlement agreement stated: "Husband avows he had no involvement in the decision by UAT to terminate wife's employment. Nothing contained herein restricts any claims wife may have or wish to pursue against UAT." Doc. 10 at 7.  Moreover, Plaintiff does not deny that the agreement also states that "[a]ll issues and claims that either party has or may have against the other that arose or may have arisen prior to the date of their execution of this Agreement are resolved and settled as a result of the agreements between the parties set forth in this Agreement." Doc. 7 at 3; Doc. 10.  Instead, Plaintiff makes three arguments: (1) the settlement agreement does not preclude her present claims because the claims "arose" after the divorce decree was filed, relying on *Windauer v. O'Connor*, 485 P.2d 1157, 1157-58 (Ariz. 1971); (2) the provision quoted above does not bar claims related to the two parties' employment relationship; and (3) the provision is unenforceable due to lack of consideration.  Doc. 10.

*Windauer* held, in the context of an intentional shooting of an elderly wife by an elderly husband, that "a spouse may, after a divorce from the offending spouse, sue to recover damages for an intentional tort" notwithstanding the doctrine of "interspousal tort immunity." 485 P.2d at 1158. *Windauer* did not decide when the cause of action arises, however, nor was a settlement agreement an issue in that case. *Id.* Therefore, *Windauer* is not dispositive here.

Plaintiff also argues that the settlement agreement does not bar claims related to the parties' employment relationship. Doc. 10 at 2-5. Plaintiff asserts that the settlement agreement was limited to resolution of marital property and obligations. *Id.* at 4. Plaintiff further asserts that Plaintiff did not release or waive claims – only that any properly-construed claims were settled as a result of agreements between the parties. *Id.* Although the plain language of the provision quoted above might imply a waiver of at least some of Plaintiff's claims against Pistillo individually, the parties dispute the intent of the provision. Under Arizona law, the Court should consider any relevant extrinsic

---

merged into the decree. Doc. 7-1 at 28:16.

"evidence and, if . . . the contract language is 'reasonably susceptible' to the interpretation asserted by its proponent, the evidence is admissible to determine the meaning intended by the parties." *Taylor v. State Farm Mut. Auto. Ins. Co.,* 854 P.2d 1134, 1140 (Ariz. 1993). Because evidence to be developed in this case might shed light on the meaning of the settlement agreement, resolution of this issue must await the summary judgment stage or trial.[2]

### III. Motion to Dismiss Counts II and IV.

Defendants David and Sharon Bolman, Robert and Patricia Wright, and UAT ("B.W.U. Defendants") move to dismiss counts II (false light) and IV (intentional infliction of emotional distress) under Rule 12(b)(6). Doc. 8.

#### A. False Light.

Plaintiff's second claim for relief alleges that Defendants sent an email to 25 or 30 UAT employees stating that Plaintiff was dismissed for violating University policy. Doc. 1-1 at 69, 72. B.W.U. Defendants' sole argument for dismissal appears to be that the publication requirement of the false-light cause of action was not met as a matter of law because the number of employees was small, the memo was sent by management to employees rather than to the general public, and many of the employees were interested persons who "needed to be informed as to the reasons for Plaintiff's absence from the workplace." *See* Doc. 8 at 3-7.

Assuming the email falsely stated that Plaintiff violated University policy, as the Court must on this motion to dismiss, the issue is whether sufficient "publicity" occurred to satisfy the requirements of false light. Under Arizona law, "'publicity' . . . means that the matter is made public, *by communicating it to the public at large, or to so many persons that the matter must be regarded substantially certain to become one of public knowledge*. The difference [between 'publication' in defamation and 'publicity' in false-light] is not one of the means of communication which may be oral, written, or by any

---

[2] The Court need not reach Plaintiff's "lack of consideration" argument.

- 4 -

other means.  It is one of a communication that reaches, or is sure to reach, the public." *Hart v. Seven Resorts, Inc.*, 947 P.2d 846, 854 (Ariz. App. 1997) (quoting Restatement (Second) of Torts § 652D) (emphasis in original).  Whether the publication in this case satisfies this standard will depend on who received it, what connection they had to the matters discussed in the communication, whether it was important for them to know the information communicated, the likelihood that matters communicated to them would be disseminated further, and similar factual questions.  The Court cannot resolve such factual issues on a motion to dismiss.

### B.     Emotional Distress.

A plaintiff claiming intentional infliction of emotional distress ("IIED") under Arizona law must plead: (1) conduct by a defendant that is extreme and outrageous; (2) intent by defendant to cause emotional distress or defendant's reckless disregard for the near certainty that distress will result from the conduct; and (3) occurrence of severe emotional distress as a result of the conduct.  *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).  B.W.U. Defendants' sole argument appears to be that the conduct alleged in the complaint is not so extreme and outrageous as to meet the requirements of IIED as a matter of law.  *See* Doc. 8 at 7-12.

An IIED claim requires conduct that is "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Patton v. First Fed. Sav. & Loan Ass'n of Phoenix*, 578 P.2d 152, 155 (Ariz. 1978) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. 1969)).  The manner in which certain conduct occurs can satisfy the IIED requirements even if the conduct itself may not be outrageous.  *See Mintz v. Bell Atlantic Sys. Leasing Int'l*, 905 P.2d 559, 565 n.1 (Ariz. App. 1995) ("The outrage in the cited example is not the settlement attempt, it is the insistent and boisterous manner in which that attempt was made.").  Dismissal of an IIED claim prior to summary judgment is proper only if "plaintiff is not entitled to relief under any facts susceptible of proof

under the claims stated." *Id.* at 563.

Plaintiff's complaint encompasses conduct spanning four months (Doc. 1-1 at 31-38), and includes the following allegations, assumed to be true for purposes of this motion: UAT reduced many of Plaintiff's responsibilities after her husband, Defendant Pistillo – who was also her supervisor partway through this process – filed for divorce;[3] UAT gave Pistillo responsibility for five of the seven departments/sub-departments Plaintiff used to manage; UAT assigned Plaintiff new supervisors who began micro-managing her; Defendant Wright interviewed certain employees regarding statements made by Plaintiff to a co-worker friend at a social event; UAT monitored Plaintiff's work computer and emails; UAT terminated Plaintiff's employment as retaliation for her claiming gender-based employment discrimination and for her use of Family Medical Leave Act leave; and, upon termination, Defendants intentionally, falsely, and publicly accused Plaintiff of so egregiously violating company policy as to require immediate termination. *Id.*

Although the Court is inclined to agree that these actions do not satisfy the high threshold for the IIED tort in Arizona, the Court cannot at this stage conclude that "plaintiff is not entitled to relief under *any facts* susceptible of proof under the claims stated." *Mintz*, 905 P.2d at 563 (emphasis added). Such a determination is better made at the summary judgment stage when the facts have been explored through discovery and included more fully in the briefing to the Court.[4]

**IT IS ORDERED:**

1. Defendant Pistillo's motion to dismiss (Doc. 7) is **denied** as stated above.

---

[3] It appears that Plaintiff had multiple contemporaneous roles, including Dean of Admissions and Student Affairs, manager of the Student Life Department, and Vice-President-in-Training for the Recruitment Division. Doc. 1-1 at 57.

[4] Because B.W.U. Defendants moved for dismissal jointly rather than severally and the parties did not argue dismissal of only a subset of the defendants, the Court will not rule on whether Plaintiff's IIED claims as to specific individual defendants can be dismissed under Rule 12(b)(6).

2. B.W.U. Defendants' motion to dismiss Counts II and IV (Doc. 8) is **denied**.

Dated this 17th day of March, 2011.

_____
David G. Campbell
United States District Judge